IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


CHRISTINA JACKSON                                               PLAINTIFF


        v.                          CIVIL NO. 13-5213


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                  DEFENDANT

### MEMORANDUM OPINION

        Plaintiff, Christina L. Jackson, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review,

the Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

        Plaintiff protectively filed her current application for DIB on November 18, 2009,

alleging an inability to work since May 16, 2009, due to narcolepsy, fibromyalgia,

temporomandibular joint disorder (TMJ), interstitial cystitis, post traumatic stress disorder

(PTSD), depression and anxiety.  (Tr. 138, 169).  An administrative video hearing was held on

June 12, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 29-46).

        By written decision dated July 13, 2012, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).

Specifically, the ALJ found Plaintiff had the following severe impairments: status post left lower extremity fracture; hypertension; and cognitive and mood disorders. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b). The individual can occasionally lift 20 pounds, 10 pounds frequently; sit/stand/walk six hours in an eight-hour workday; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs but not ladders, ropes or scaffolds. Must avoid hazards to include unprotected heights and moving machinery. The individual can understand, remember and carry out simple, routine repetitive tasks; respond to usual work situations and work changes, and respond to supervision that is simple, direct and concrete.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a production line assembler, and a sewing machine operator. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 13, 2013. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim;  (2) whether the claimant has a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Plaintiff argues the following issues on appeal:  1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of light work; and 4) the ALJ erred in failing to fully and fairly develop the record.

**A.    Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 13). In determining Plaintiff's severe impairments, the ALJ went into great detail with respect to the impairments that were found to be non-severe, and gave the reason for this finding. (Tr. 14-18). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 18). Such language demonstrates the ALJ

-4-

considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### B.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.   In reviewing the evidence, Plaintiff alleges impairments stemming from a motor vehicle accident that occurred in 2005. Plaintiff reported experiencing anxiety and panic symptoms when driving after this accident. The evidence further revealed that Plaintiff reported TMJ problems that resulted in surgery in December of 2008. The record indicated that despite these symptoms, Plaintiff was able to drive fifty miles each way to and from work until she was laid off in May of 2009. On May 20, 2009, Plaintiff reported to Dr. Ester Arejola Salvador, of Ozark Guidance, Inc., that the Provigil helped a lot with her energy problems. At that time, Plaintiff reported that she had also lost her job, but reported that she had

-5-

been doing a good job and that she was let go because of the economy.  (Tr. 438).  Despite Plaintiff's fear of driving, the record revealed that on May 24, 2009, Plaintiff, who was driving, was in a motorcycle accident that resulted in injuries that required surgical intervention to her left lower extremity.  The medical evidence revealed that Plaintiff was noted to have full extension and a normal gait, and that she could pursue normal activities by August 25, 2009. (Tr. 284).  The record revealed that Plaintiff continued to undergo therapy mainly regarding her marital discord, as well as sporadic maintenance check-ups regarding her TMJ.

With regard to Plaintiff's alleged migraines, the medical evidence revealed that Plaintiff did sporadically report experiencing headaches during the relevant time period, and was prescribed medication as needed to treat her headaches.  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff's headaches were not disabling.

With regard to activities of daily living, the record revealed that in June of 2009, Plaintiff reported that she was receiving unemployment benefits.  (Tr. 442).  The Court notes "[a] claimant may admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold h[er]self out as available, willing and able to work." Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir.1991).  During the relevant time period, Plaintiff also indicated that she was able to take care of her personal needs; perform household chores; handle finances and pay bills; shop for groceries; volunteer at her granddaughter's school twice a week; watch television; visit with her daughter; and babysit.  (Tr. 178, 231, 446, 461).

-6-

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Neither the medical evidence nor the reports concerning her daily activities support Plaintiff's contention of total disability. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records

-7-

when he determined Plaintiff could perform light work with limitations.  In making the RFC determination, the ALJ noted that the medical finding supported malingering and symptom exaggeration, and that he took this finding into account when weighing the medical evidence. (Tr. 20, 543, 627).  After reviewing the entire evidence of record, the Court finds substantial evidence to support the ALJ's RFC finding.

### D.      Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a production line assembler, and a sewing machine operator.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### E.      Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop

-8-

record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**IV.**   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 22nd day of September, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)